**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LILIAN ZAVALA, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 20-cv-03516 |
| v. | ) | |
| | ) | |
| A.R.M. SOLUTIONS, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Lilian Zavala, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, 28 U.S.C. § 1331.

2.  Venue is proper in this District because parts of the acts and transactions occurred here, and Defendant transacts substantial business here.

## STANDING

3.  Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any false representations and false threats. *E.g. Genova v. IC Systems, Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

4.  Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defendaers of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case

or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

5.      Plaintiff, Lilian Zavala ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Chicago Tribune consumer account.  Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6.      Defendant, A.R.M. Solutions, Inc. ("ARM"), is a California corporation. It does or transacts business in Illinois. Its registered agent and office are Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

7.      Defendant ARM is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8.      Defendant ARM holds a collection agency license from the state of Illinois.

9.      Defendant ARM regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

10.      According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a Chicago Tribune

consumer account ("alleged debt"). The alleged debt is thus a "debt" as that term is

defined at § 1692a(5) of the FDCPA.

     11.     The debt subsequently went into default.

     12.     The Chicago Tribune thereafter hired, retained, or otherwise assigned the

debt for collection to ARM.

     13.     ARM attempted to collect the alleged debt from Plaintiff.

     14.     On or about September 4, 2019, ARM mailed Plaintiff a collection letter.

(Exhibit A, Collection Letter).

     15.     The Letter conveyed information regarding the alleged debt, including the

identity of the current creditor, an original account number and a past due balance on the

alleged debt.

     16.     The Letter was thus a communication as that term is defined at §1692a(2)

of the FDCPA.

     17.     The Letter was ARM's initial communication with Plaintiff regarding the

alleged debt.

     18.     The Letter reads in part as follows:

> **Re: Your Chicago Tribune Account**
> **Client Reference #:   19720\*\*\*\***

(Ex. A, Letter) (last four digits redacted)

     19.     The Letter does not define the role of the "client."

     20.     The Letter does not identify any creditor to whom the debt is owed.

     21.     The Letter further indicates that upon written request by Plaintiff made

within thirty (30) days of receiving the notice, "this office will provide you with the name

and address of the original creditor, if different from the **current creditor**." (Ex. A,

Letter) (emphasis added).

22.     The Letter thus communicates the possibility that the current creditor and

the original creditor may be different.

23.     Yet nowhere does the Letter identify a current creditor.

24.     15 U.S.C. § 1692g of the FDCPA provides as follows:

> **(a) Notice of debt; contents**
>
> **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**
>
> **. . . (2) the name of the creditor to whom the debt is owed. . . .**

25.     ARM failed to effectively state the name of the current creditor, in

violation of 15 U.S.C. § 1692g(a)(2).

26.     The Seventh Circuit recently analyzed the use of "Re:_____" for a

creditor and the reference to the creditor as a "client," and held that such language fails to

comply with the requirement to identify the current creditor enumerated in § 1692g(a)(2).

*Steffek v. Client Servs.*, No. 19-1491, 2020 U.S. App. LEXIS 1759, at *12 (7th Cir. Jan.

21, 2020) (analysis included other factors as well, including where payment was

directed).

27.     Defendant could have avoided violating the FDCPA by listing a creditor

as the "creditor" or "current creditor" to whom the debt is owed.

28.     The Letter goes on to list out the amount due, and includes in relevant

part: "Tax Amount: $0.00"

29.     Plaintiff believed that taxes could begin to accrue because of their inclusion in the balance itemization of the initial notice.

30.     The unsophisticated consumer would believe that taxes could begin to accrue because of their inclusion in the balance itemization if the initial notice.

31.     However, taxes cannot accrue on a past due debt at any time.

32.     An itemization of taxes on a collection letter showing a zero balance implies the possibility of future charges. *See Duarte v. General Revenue Corporation*, 2017 WL 5478300, at *3 (N.D.Ill., 2017) (analyzing collection fees showing a zero balance and holding that could imply a possibility of future accrual).

33.     The FDCPA prohibits debt collectors from falsely implying that taxes or any charges might accrue if the debt is not quickly paid. *See Wood v. Allied Interstate*, LLC, No. 17 C 4921, 2018 WL 2967061, at *3 (N.D. Ill. June 13, 2018) (analyzing fees).

34.     15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. . .**

35.      ARM falsely threatened the possibility of a tax accruing on a past due debt, in violation of 15 U.S.C. § 1692e, when it included "Tax Amount" in a dunning letter for a debt where the imposition of taxes was a legal impossibility.

36.     Such a statement is material because it could be a factor in a consumer's decision-making process and properly alleges a claim under § 1692e of the FDCPA. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 368 (7th Cir. 2018).

37.     Defendant could have avoided any confusion by simply not including a tax amount at all as taxes can never be charged when collecting a debt.

38.     Defendant made this threat in an attempt to coerce Plaintiff into paying the balance on the alleged debt to avoid paying an increased amount in the future.

39.     Plaintiff experienced negative emotions about Defendant's collection communications, including general annoyance, aggravation, and other garden variety emotional distress.

40.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

41.     Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

42.     ARM failed to effectively state the name of the current creditor, in violation of 15 U.S.C. § 1692g(a)(2).

43.     ARM falsely threatened the possibility of a tax accruing on a past due debt, in violation of 15 U.S.C. § 1692e(5), when it included "Tax Amount" in a dunning letter for a debt where the imposition of taxes was a legal impossibility..

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

A.     Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

B.     Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

C.     Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

By: s/Michael Wood
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers, LLC.**
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 476-1362
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com